LADVA LAW FIRM
Ashwin Virji Ladva (State Bar No. 206140)
Jacqueline K. Oh (State Bar No. 286089)
530 Jackson Street, 2nd Floor
San Francisco, CA 94133
Telephone: (415) 296-8844
Facsimile: (415) 296-8847
Email: ladvalaw@gmail.com
Email: joh@ladvalaw.com

Attorneys for Plaintiff,
ALMA AMAYA

JACKSON LEWIS P.C.
Angel R. Sevilla (State Bar No. 239072)
Jerel Pacis Agatep (State Bar No. 315746)
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Jerel.Agatep@jacksonlewis.com

Attorneys for Defendant,
SUNRISE SENIOR LIVING
MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA AMAYA,<br><br>        Plaintiff,<br><br>vs.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC., and DOES 1 through 25, inclusive,<br><br>        Defendant(s). | Case No. 4:19-cv-05509 (SBA)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER AND ORDER**<br><br>Complaint Filed:  July 7, 2019<br>Removal Filed:   August 30, 2019<br>Trial Date:         April 26, 2021 |

      Plaintiff Alma Amaya ("Plaintiff") and Defendant Sunrise Senior Living Management, Inc. ("Sunrise" or "Defendant"), by and through their respective counsel of record, enter into the following Stipulation and Protective Order ("Protective Order") in order to facilitate the exchange

1

of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights:

1. <u>Definitions.</u> In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Alma Amaya" shall be referred to herein as "Plaintiff."

    b. "Sunrise Senior Living Management, Inc." shall be referred to herein interchangeably as "Defendant" or "Sunrise."

    c. Defendant and Plaintiff shall be collectively referred to herein as the "Parties."

    d. "Proceeding" means the above-entitled proceeding, *Alma Amaya v. Sunrise Senior Living Management, Inc.*, United States District Court, Northern District of California, Case No. 4:19-cv-05509 (SBA).

    e. "Court" means any judge to whom this Proceeding may be assigned, including the Court's court officers, clerks, and staff.

    f. "CONFIDENTIAL" means any information which is in the possession of a Designating Party who believes in good faith that such non-public information is entitled to confidential treatment under applicable law.

    g. "CONFIDENTIAL Materials" means any Documents, Testimony or Information as defined below designated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order, including, but not limited to, (i) documents or testimony not otherwise available to the public regarding Sunrise's commercial or financial information, including materials regarding Sunrise's business or marketing plans, sales practices, revenues or cash levels; (ii) documents or testimony regarding Sunrise's trade secrets; (iii) documents or testimony regarding Sunrise's clients, residents, customers, accounts, financial records, and transactions, including emails which include information relating to any of Sunrise's customer; (iv) health or private information of Sunrise's residents; (v) health, employment, and financial information of Plaintiff Alma Amaya; and (vi) other documents or testimony subject to an agreement between the parties that, due to the nature of the materials, those documents or testimony should be

2

Amended Stipulated Protective
Order and Order                                                     Case No. 4:19-cv-05509 (SBA)

designated CONFIDENTIAL in accordance with this Order.

      h.    "Designating Party" means the Party that designates Materials as "CONFIDENTIAL."

      i.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

      j.    "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced or will be produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

      k.    "Information" means the content of Documents or Testimony.

      l.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

    2.    <u>Privileges.</u>  The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to consent any such assertion.

    3.    <u>Designating Documents, Testimony or Information.</u>  The Designating Party shall have the right to designate as "CONFIDENTIAL" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. Any Documents, Testimony or Information to be designated as "CONFIDENTIAL" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "CONFIDENTIAL" designation should not obscure or interfere with the legibility of the designated Information.

      a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" on each page of any Document containing such designated CONFIDENTIAL Material or Information.

      b.    For Testimony given in depositions the Designating Party may either:

i. Identify on the record all "CONFIDENTIAL" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL;" or

ii. Identify specific portions of the Testimony as "CONFIDENTIAL" within 45 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" Information shall be indicated on an "Index of Material Designated CONFIDENTIAL" directly following the "General Index" of the volume.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs, DVD, or flash drives, the Designating must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "CONFIDENTIAL." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "CONFIDENTIAL" portions.

4. <u>Inadvertent Production.</u> The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "CONFIDENTIAL" designation, shall be without prejudice to any claim that such items is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "CONFIDENTIAL" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly designate the subject Document, Testimony

or Information designated as "CONFIDENTIAL." This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

5. <u>Objections.</u> In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "CONFIDENTIAL" objects to such designation with respect to any or all of such interns, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific reasons for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either: (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections; and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "CONFIDENTIAL" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

6. <u>Access to Designated Material.</u> Access to and/or Disclosure of CONFIDENTIAL Materials designated as "CONFIDENTIAL" shall be permitted only to the following persons:

    a. the named parties to this action and their officers, directors and/or employees;

    b. the Court, and the Court's court officers, clerks, and court staff;

    c. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party; (2) In-house counsel to the undersigned

Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    d. Those officers, directors, partners, members, employees, agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    e. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    f. Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    g. Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    h. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    i. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral

6

Amended Stipulated Protective
Order and Order  Case No. 4:19-cv-05509 (SBA)

hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for this Designating Party of such breach or threatened breach;

    j. The Parties' selected mediator, if applicable, and the mediator's staff; and

    k. Any other person that the Parties mutually agree to in writing.

  7. <u>Use of Confidential Materials.</u> CONFIDENTIAL Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. Nothing in this Joint Stipulation and Protective Order shall govern the use of CONFIDENTIAL Materials or Information at trial. Any use of CONFIDENTIAL Materials or Information at trial shall be governed by a separate agreement or Order.

  8. <u>No Prejudice.</u> Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any person that any particular Document, Testimony or Information marked "CONFIDENTIAL" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information;

    b. Defendant's right and ability to support their defenses to Plaintiff's allegations and claims in the Proceeding.

    c. Prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

      i. To seek a determination by the Court of whether any particular CONFIDENTIAL Material should be subject to protection as "CONFIDENTIAL" under the terms of this Protective Order; or

7

Amended Stipulated Protective
Order and Order                     Case No. 4:19-cv-05509 (SBA)

     ii. To seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

  9. <u>Parties Who Have Not Executed The Stipulation.</u> Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

  10. <u>Subpoenas Seeking Designated Material.</u> If any person subject to this Protective Order who has custody of any person or entity demanding production of CONFIDENTIAL Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demand production of CONFIDENTIAL Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by delivery of a copy of said Subpoena by express mail or overnight delivery or electronic mail delivery to counsel of record for the Designating Party. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the CONFIDENTIAL Materials, and/or seek to obtain confidential treatment of such CONFIDENTIAL Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

  11. <u>Additional Protection.</u> Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain CONFIDENTIAL Materials require additional protection (such as redactions). The Parties shall meet and confer to agree upon the terms of such additional protection.

  12. <u>Disclosure by a Non-Designating Party.</u> If, after execution of this Protective Order, any CONFIDENTIAL Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner

authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such CONFIDENTIAL Materials to the immediate attention of the Designating Party.

13. <u>Waiver.</u> This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any CONFIDENTIAL Materials designated by that Party. If the Designating Party uses CONFIDENTIAL Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

14. <u>Filing Records Under Seal.</u> Where any CONFIDENTIAL Materials, or Information derived from CONFIDENTIAL Materials, is included in any motion or other proceedings governed by Civil Local Rule 79-5, the party shall follow those rules. A party that to file under seal any CONFIDENTIAL Materials must comply with Civil Local Rule 79-5. CONFIDENTIAL Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL Material at issue. Pursuant to Civil Local Rule 79—5, a sealing order will issue only upon a request establishing that the CONFIDENTIAL Material at issues is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a receiving party's request to file CONFIDENTIAL Material under seal pursuant to Civil Local Rude 79-5(d) is denied by the court, then the receiving party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

15. <u>Admissibility into Evidence of Confidential Materials.</u> Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material or the disclosure of CONFIDENTIAL Materials at trial.

16. <u>Final Disposition.</u> Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either: (a) promptly return to counsel for each Designating Party all CONFIDENTIAL Materials and all copies thereof (except that counsel for each Party may maintain in its files, in

continuing compliance with the terms of this Protective Order, all work product and one copy of each pleading filed with the Court); or (b) agree with counsel for the Designating Party upon appropriate methods of destruction or other disposition of such CONFIDENTIAL Materials. Information obtained from CONFIDENTIAL Materials shall remain CONFIDENTIAL after the conclusion of this Proceeding unless such information became publicly available at trial.

17. <u>Stipulation.</u> After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel for the Parties agree to be bound by the terms set forth herein with regard to any CONFIDENTIAL Materials that have been produced before the Court signs this Protective Order.

18. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of CONFIDENTIAL Materials under the terms herein.

19. This Protective Order may be executed in counterparts.

Dated: February 17, 2020                LADVA LAW FIRM


                                        By: _____
                                        Ashwin Ladva
                                        Attorneys for Plaintiff,
                                        ALMA AMAYA

Dated: February ___, 2020               JACKSON LEWIS P.C.


                                        By: _____
                                        Angel R. Sevilla
                                        Attorneys for Defendants,
                                        SUNRISE SENIOR LIVING
                                        MANAGEMENT, INC.

10

Amended Stipulated Protective
Order and Order                                       Case No. 4:19-cv-05509 (SBA)

## **ORDER**

**GOOD CAUSE APPEARING,** the terms of the Stipulation and Protective Order are hereby approved and adopted.

**IT IS SO ORDERED.**

Dated: February 20, 2020

_____
THE HON. SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, <u>Alma Amaya v. Sunrise Senior Living Management, Inc.</u>, United States District Court, Northern District of California, Case No. 4:19-cv-05509 (SBA). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order entered in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

I understand that CONFIDENTIAL Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any CONFIDENTIAL Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all CONFIDENTIAL Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be destroyed or returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this \_\_\_\_ day of \_\_\_\_, 20\_\_, at _____.

BY: _____

Signature_____

Title _____